GEORGE MILLER, PLAINTIFF-APPELLANT, v. UNITED STATES RUBBER COMPANY, DEFENDANT-RESPONDENT.

Argued May 18, 1948—Decided September 3, 1948.

For the plaintiff-appellant, *Aldon S. Patlen* and *Aaron Heller*.

For the defendant-respondent, *Pitney, Hardin, Ward & Brennan*.

The opinion of the court was delivered by

DONGES, J.   Plaintiff-appellant sued defendant-respondent for damages based upon alleged tortious acts of the defendant. On defendant's motion Judge Davidson struck the complaint, which action is the subject of this appeal.

The complaint alleges that plaintiff had been employed from 1937 to 1943 by defendant as a machinist and mold maker, and that, in 1943 the plaintiff, still in the employ of the defendant, became a member of a CIO union, to which he paid dues for approximately five months.   In June, 1943, plaintiff withdrew his membership in the union and refused to pay any more dues.   The defendant subsequently discharged him.   Wartime regulations of the United States Government provided that an employee who was discharged from or left the employ of an employer performing essential war work should possess a certificate or statement of availability in order to secure other employment.   The defendant came within this provision.   The certificate or statement was primarily issued by the former employer.   The complaint further alleges that plaintiff applied for and received a statement of availability and secured employment at the Curtiss-Wright Propeller Division, Caldwell, New Jersey.   This certificate was issued by the War Manpower Commission, or someone representing it, and the complaint alleges that the defendant protested to the Commission the issuance of such certificate, whereupon the certificate was revoked and plaintiff's employment with Curtiss-Wright ceased; that plaintiff, being then unemployed, was directed to report to work for the defendant; that upon so reporting, defendant refused to reemploy him unless he became a member in good standing of the union, which plaintiff refused to do; that plaintiff, thereupon, appealed to the War Manpower Board of Appeals, in Washington, District of Columbia, the revocation of his

certificate of availability and the Board of Appeals determined that he was entitled to such certificate.

Damages were claimed in the sum of $855, which plaintiff alleges is the amount of wages lost during the period from November 5th, 1943, to January 11th, 1944, when the Board of Appeals determined in his favor, and for the expenses incurred in obtaining counsel to prosecute his appeal. The total sum is stated as $2,500.

Upon consideration of the matter we conclude that the complaint fails to set forth a good cause of action and was properly struck. The complaint fails to allege any malicious or fraudulent acts on the part of the defendant, it is a mere recital of occurrences; there is no allegation of bad faith or malicious conduct, but that, step by step, the action taken by the defendant was required by its agreement with the union and in conformity with the regulations of the War Manpower Commission that objection might properly be made to the issuance of a certificate of availability, and that resistance to the issuance of such certificate might properly be made by a former employer, who believed that the employee had been dismissed for conduct which he knew must result in his discharge and amounted to a refusal to continue essential war work.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—HEHER, J. 1.